United States District Court
Southern District of Texas
**ENTERED**
January 04, 2018
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-3364 |
| | § | |
| PARK LAKE COMMUNITIES, LP,, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER DENYING THE DEFENDANT'S MOTION TO WITHDRAW REFERENCE

In September 2017, the court denied John Speer's emergency motion to declare the trustee, Rodney Tow, in civil contempt for violating the parties' settlement agreement by seeking to recover assets from the defendant, Park Lake. (*See* Civil Action No. H-11-3700, Docket Entry No. 491). The parties returned to bankruptcy court to address the motion pending in Tow's adversary action, (No. 17-03322), to recover assets from Park Lake. Tow asserts a claim under 11 U.S.C. § 542(b), requesting the court to order Park Lake to pay down its debt by remitting proceeds from the Montgomery County Municipal Utility District Reimbursement it recently received.

Park Lake asked the bankruptcy court to recommend that the district court withdraw the reference. The trustee "vigorously" opposed withdrawing the reference. (Docket Entry No. 1). The bankruptcy court held a hearing on October 18, 2017 and issued a Report and Recommendation recommending against withdrawal. Park Lake moved this court to withdraw and filed objections to the Report and Recommendation on November 3, 2017. Tow did not respond.

Withdrawal may be either mandatory or permissive. "Courts generally interpret the mandatory withdrawal provision restrictively, granting withdrawal of the reference when the claim

and defense entail material and substantial consideration of non-Bankruptcy Code federal law." *Levine v. M&A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 203 (S.D. Tex. 2008) (citing *Lifemark Hosps. of La., Inc. v. Liljeberg Enters., Inc.*, 161 B.R. 21, 24 (E.D. La.1993) (withdrawing reference when the case necessarily involved determining antitrust claims); *U.S. Gypsum Co. v. Nat'l Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex.1992) (withdrawing reference when the case necessarily involved determining patent claims); *In re Johns-Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y.1986) (withdrawing reference when the case necessarily involved determining CERCLA claims); *In re White Motor Corp.*, 42 B. R. 693, 704 (N.D. Ohio 1984) (no withdrawal of reference based on speculation about issues under ERISA and Internal Revenue Code that might or might not be germane to the core proceeding)).

There are no causes of action in this case based in federal law other than the Bankruptcy Code. The only claim is based on § 524(b). Mandatory withdrawal is inapplicable.

"The permissive withdrawal provision of § 157(d) provides: 'The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.'" *In re Morrison*, 409 B.R. 384 (S.D. Tex. 2009) (citing 28 U.S.C. § 157(d)). "The party seeking withdrawal of the reference bears the burden of establishing grounds for permissive withdrawal." *Id.* "Cause for withdrawal can exist only if premised upon a sound articulated foundation." *Id.* (citing *Vela v. Enron Oil & Gas Co.*, 2007 U.S. Dist. LEXIS 38997, 2007 WL 1564562 at * 2 (S.D. Tex. May 29, 2007)). "Permissive withdrawal for cause shown requires a court to examine the following factors: is the matter core or noncore? Do the proceedings involve a jury demand? Would withdrawal further uniformity in bankruptcy administration? Would withdrawal reduce forum-shopping and confusion? Would withdrawal foster

economical use of resources? Would withdrawal expedite the bankruptcy process?" *Levine*, 400 B.R. at 203 (citing *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir.1985)). The Bankruptcy Court analyzed the permissive-withdrawal factors and concluded that withdrawal was inappropriate. The court agrees.

Each factor is discussed below.

### A. Core Proceeding

Title 28 U.S.C. § 157(b)(2)(E) provides that "[c]ore proceedings include, but are not limited to—(E) orders to turn over property of the estate." Park Lake argues that this case is a non-core proceeding because it is based on state collection law. The Bankruptcy Court acknowledged a line of trial-court cases supporting this argument. These cases hold "that an action by a trustee to recover an account receivable based on state contract law does not fall within the scope of turnover actions contemplated by § 542(b) and 28 U.S.C. § 157(b)(2)(E), and therefore such an action is a non-core proceeding." (Docket Entry No. 1 at 12); *see, e.g.*, *In re Satelco, Inc.*, 58 B.R. 781, 789 Bankr. N.D. Tex. 1986) ("[T]his Court holds that actions to collect accounts receivable based upon state law contract principles do not fall within the scope of turnover actions as contemplated by § 542 and § 157(b)(2)(E), absent a final judgment from a court of competent jurisdiction, a stipulation, or some other binding determination of liability."). But the Bankruptcy Court correctly identified a second line of cases, including circuit-court precedent, standing for the opposite proposition. *See, e.g.*, *In re Willington Convalescent Home, Inc.*, 850 F.2d 50, 52 n.2 (2d Cir. 1988) ("Although 'actions on account and debt and contract generally arise under state law,' § 542(b) 'sufficient[ly] . . . arrogate[s] the general law concepts and transform[s] them into bankruptcy law.' 'The mere fact that' Connecticut denies that it owes the matured debt for Willington's services because of a

3

recoupment right 'does not take the trustee's action outside the scope of section 542(b).'").

The account receivable at issue is property owed to the estate that the trustee seeks to collect through this turnover suit. This claim is expressly covered by § 157(b)(2)(E) of the Bankruptcy Code, making this a core proceeding.

And, as the Bankruptcy Court explained, this result is consistent with *Stern v. Marshall*, 564 U.S. 462 (2011). In *Stern*, the Court held that certain "core" claims may not be adjudicated in bankruptcy court when they are "in no way derived from or dependent upon bankruptcy law." *Id.* at 499. The claim at issue in *Stern* was a counterclaim based solely on state law. The Court determined that it could not be adjudicated by the bankruptcy court, despite the fact that it was otherwise a "core claim" under § 157(b)(2)(C). Here, by contrast, Tow's only claim is under a specific Code provision, not state law. Unlike in Stern, this claim has a sufficient nexus to the resolution of the Chapter 7 case and therefore can be adjudicated fully by the Bankruptcy Court.

The first factor—that this is a core proceeding—weighs against withdrawal.

B. **Uniform Administration of the Bankruptcy Code**

The Bankruptcy Court explained that because it has already spent substantial time reviewing the pleadings and holding hearings in this case, it is very familiar with the facts, legal arguments, and applicable law. The Bankruptcy Court is in the best position to quickly and efficiently adjudicate the case, which will promote uniformity in bankruptcy administration. The court agrees. This factor weighs against withdrawal.

C. **Confusion and Forum Shopping**

The Bankruptcy Court noted that nothing in the record indicates improper forum shopping.

This case has such a long history in both the Bankruptcy Court and District Court that both are familiar with the facts and law, except that the Bankruptcy Court is more familiar with the extensive recent filings in the case. This factor weighs slightly against withdrawal.

### D. Economical Use of Resources

Because this case has been pending since 2009, the Bankruptcy Court stated—and this court agrees—the speedier the resolution, the better for all. An expedited resolution will be best achieved if the Bankruptcy Court hears this case, which it can do within 45 days. This factor weighs against withdrawal.

### E. Expedited Process

The Bankruptcy Court can try the case within 45 days, which will expedite resolution. That will in turn expedite the Chapter 7 case because the MUD asset is one of the last remaining assets needing liquidating for the trustee to begin paying claims. The court agrees that this factor weighs against withdrawal.

### F. Jury Demand

Park Lake primarily focuses on this factor, arguing that it is entitled to a jury trial, which a bankruptcy judge may not conduct without the parties' express. *See* 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."); *see also In re Blake*, 400 B.R. 200, 205 (S.D. Tex. 2008) ("The Fifth Circuit holds that without consent of the parties, a bankruptcy judge lacks the authority to conduct a jury trial." (citing *In re Clay*, 35 F.3d 190, 196-97 (5th Cir. 1994)). Park Lake does not consent to a jury trial in the Bankruptcy Court.

5

The Bankruptcy Court noted that this is "an extremely important factor." (Docket Entry No. 1 at 23). The Bankruptcy Court, however, disagreed with Park Lake that its claim is a "legal action to recover monetary damages." (*Id.*). Instead, the Bankruptcy Court explained, a turnover action is not a legal action for monetary damages, but an action to recover property belonging to the estate. The action sounds in equity. The Bankruptcy Court based this conclusion on recent precedent across other circuits. *See, e.g.*, *Braunstein v. McCabe*, 571 F.3d 108, 122 (1st Cir. 2009); *In re M & L Bus. Mach. Co., Inc.*, 59 F.3d 1078, 1082 (10th Cir. 1995). The Bankruptcy Court found that this weighed heavily against withdrawal. This court agrees.

Park Lake maintains that its action is legal, not equitable, and that it is entitled to a jury trial. Park Lake relies on *Gecker v. Marathon Financial Insurance Co., Inc.*, 389 B.R. 621, 626 (Bankr. N.D. Ill. 2008), in which the court explained that "even if a claim historically was equitable in nature, the actual remedy sought on each count will determine whether it is legal or equitable for purposes of the Seventh Amendment. If the plaintiff seeks only purely equitable relief (e.g., setting aside the conveyance of land in trust), the action is considered equitable in nature. If the plaintiff seeks a money judgment based on an equitable claim, the claim is generally considered legal in nature." (citations omitted). Therefore, Park Lake argues, because the Trustee seeks to collect a disputed debt—the remedy for which is money—the action is legal in nature.

"The Seventh Amendment provides the right to a jury trial in cases in which the value in controversy exceeds twenty dollars and the cause of action is to enforce statutory rights that are at least analogous to one which was tried at law in the late 18th century English courts." *In re Blake*, 400 B.R. at 205 (citing *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 708 (1999); *Lorillard v. Pons*, 434 U.S. 575 (1978)). "Suits 'at law' refers to 'suits in which legal rights were to be

6

ascertained and determined' as opposed to 'those where equitable rights alone were recognized and equitable remedies were administered." *Id.* (citing *Granfinanciera, S. A. v. Nordberg*, 492 U.S. 33, 41 (1989). "This analysis requires two steps: (1) a comparison of the 'statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity'; and (2) whether the remedy sought is 'legal or equitable in nature.'" *Id.* (citing *Granfinanciera, S.A.*, 492 U.S. at 42).

"A turnover action 'invokes the court's most basic equitable powers to gather and manage property of the estate.'" 5-542 COLLIER ON BANKRUPTCY P 542.01 (16th ed. 2017) (quoting *Braunstein*, 571 F.3d at 122). "Most courts agree that because a turnover action is equitable in nature and seeks an equitable remedy, there is no constitutional Seventh Amendment right to a jury trial when the turnover of estate property is sought." *Id.* (collecting cases). The leading case, and the one on which the Bankruptcy Court relies, is *Braunstein*. The circuit court noted that no circuit had previously addressed whether a § 542 turnover action was legal or equitable in nature. 571 F.3d at 115. The court looked, in part, to *Granfinanciera* as a guidepost, but found that it did not fully answer the question. After tracing the history of turnover actions and the types of remedies involved, the court determined that turnover actions were equitable and did not entitle the parties to a Seventh Amendment jury right. The *Braunstein* court rejected the argument Park Lake makes now, that because the remedy sought is monetary, it is legal in nature. "The McCabes argue that, because the district court's judgment was framed in monetary terms, the remedy was legal, not equitable. That the turnover remedy sought was in the form of monetary relief is not determinative of the jury trial issue." *Id.* at 122 (citing *Chauffeurs, Teamsters, and Helpers, Local No. 391 v.*

*Terry*, 494 U.S. 558, 570 (1990)). Contrary to what Park Lake contends, the monetary nature of the remedy does not make the action legal in nature.

This court has recognized a § 542 action as legal in nature in a case that is distinguishable. *In re Blake*, 400 B.R. at 205 ("Trustee Cage's §§ 541, 542, 548, and 550 claims against Medina are suits at law for which the 7th Amendment right to a jury trial applies. . . . Moreover, [the Trustee] seeks to recover money. Defendants have a 7th Amendment right to a jury trial of such claims."). In *Blake*, the collection focused on recovering preferential and fraudulent transfers, which the Supreme Court has held are legal actions. *See Granfinanciera, S.A.*, 492 U.S. at 43, 47. In *In re Parkway Sales & Leasing, Inc.*, 411 B.R. 337, 351 (Bankr. E.D. Tex. 2009), the court distinguished between an action to recover alleged preferential transfers—a suit at law—and a Chapter 7 turnover claim—a suit in equity. "The Chapter 7 trustee's turnover claim is an equitable claim to which the Seventh Amendment right to jury trial does not attach." *Id.*

The weight of the circuit authority supports the Bankruptcy Court's conclusion that a turnover action is equitable, not legal. *See, e.g.*, *Braunstein*, 571 F.3d at 121 ("A turnover action is not an action to recover damages for the taking of estate property but an action to recover possession of property belonging to the estate at the time of the filing." (quoting 5-542 COLLIER ON BANKRUPTCY P 542.01)). Because Park Lake is not entitled to a jury trial and because the remaining factors weigh against withdrawal, Park Lake's motion to withdraw the bankruptcy reference is denied.

SIGNED on January 4, 2018, at Houston, Texas.

_____
Lee H. Rosenthal

Chief United States District Judge